# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF MISSISSIPPI, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Consolidated |
| | ) | Nos. 19-231L / 19-258L |
| v. | ) | (Filed: February 20, 2020) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiffs in these consolidated cases bring Fifth Amendment Takings claims against the United States alleging that the Army Corps of Engineers' construction and operation of a set of structures known as the Old River Control Structure ("ORCS") on the lower Mississippi River has caused recurrent flooding of their properties. Similar allegations have been made in three other cases that are also currently before this Court. See Bowen v. United States, Case No. 19-1812; Ard et al. v. United States, Case No. 19-1968; Bancroft Enters., LLC, et al. v. United States, Case No. 20-30.

On February 6, 2020, the Court denied the government's motion to dismiss the consolidated cases. ECF No. 27. Currently before the Court is the Joint Submission of Parties as to Scheduling. ECF No. 28. In their joint submission, the parties agreed that the government will answer the State of Mississippi Amended Complaint, ECF No. 8, and the Williams Trust Amended Complaint, ECF No. 7, on or before March 9, 2020. The parties further agree that answers are not needed at this time in Ard and Bancroft Enterprises.

The parties disagree, however, regarding the remainder of the schedule. Plaintiffs propose that State of Mississippi and Williams Trust proceed together to trial on both liability and damages. Plaintiffs' ambitious schedule for the State of Mississippi and Williams Trust cases culminates with summary judgment motions to be filed in December of 2020 and a trial, if necessary, in April of 2021. In the meantime, they propose that proceedings in Ard and Bancroft be stayed.

The government, on the other hand, suggests that the Court adhere to the Case Management Procedure set forth in the Rules of the Court of Federal Claims ("RCFC"). It proposes that before establishing a comprehensive schedule for all proceedings in the cases, the parties first meet and confer to establish "the likely scope of discovery and to identify pertinent factual and legal contentions," which will inform "the schedule the parties propose and that the Court adopts for discovery." Id. at 4–5 (citing RCFC App. A ¶ 3). After this initial conference, the government maintains that the parties, consistent with the Rules of the Court, should file a

Joint Preliminary Status Report "that sets forth, among other things, a proposed discovery plan that include[s] proposed deadlines for fact and expert discovery" and will contain a proposed "structure to facilitate this matter's efficient resolution." Id. at 5 (citing RCFC App. A ¶ 4–6), 7.

The Court agrees with the government that the most prudent course at this juncture is to follow this Court's standard case management procedure. As the government observes, there are more than 300 Plaintiffs in the Williams Trust, State of Mississippi, Ard, and Bancroft cases, and their claims involve "over 600 parcels of real property spanning approximately 160 river miles along the Mississippi River." Id. at 6. The claims Plaintiffs present, moreover, will require resolution of difficult questions of fact. These include, among others, whether and to what extent the ORCS caused the flooding about which Plaintiffs complain or whether and to what extent other factors—such as increased rainfall or the actions of non-federal, private actors—are to blame. In addition, at this time it is unclear whether and to what extent the flooding Plaintiffs allege was caused by the ORCS varied from property to property in terms of its intensity, frequency, or timing.

Given these considerations, it would be unwise for the Court to establish a schedule without there first being some common understanding of Plaintiffs' specific contentions and how they plan to prove their cases as well as a common understanding of the government's potential defenses. The Court therefore adopts the following schedule as proposed by the government:

| | |
|---|---|
| **March 9, 2020** | United States shall file Answers to the Williams Trust and State of Mississippi Amended Complaints |
| **March 23, 2020** | United States shall file its Motion to Consolidate Cases |
| **March 30, 2020** | Plaintiffs shall file their Response to the United States' Motion to Consolidate, if any |
| **April 6, 2020** | United States shall file its Reply to Plaintiffs' Response, if any |
| **April 10–17, 2020** | Early Meeting of Counsel |
| **April 22, 2020** | Parties shall file a Joint Preliminary Status Report |

In proposing a schedule for this case in their Joint Preliminary Status Report, the parties are encouraged to consider the procedures employed to adjudicate similar complex, multi-plaintiff takings cases such as Ideker Farms v. United States, No. 14-183, and In Re Addicks and Barker (Texas) Flood-Control Reservoirs, No. 17-3000, including the bifurcation of the liability and damages portions of the cases as well as the selection of representative (or "bellwether") plaintiffs.

After the parties submit their Joint Preliminary Status Report on April 22, the Court will schedule a status conference to discuss further proceedings in these cases.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge